**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | ) |
| v. | ) CRIMINAL NO. 12-10084-PBS |
| BYRON JONES, et al. | ) |
| Defendant. | ) |

**MEMORANDUM**

April 1, 2013

SARIS, U.S.D.J.

On January 25, 2012, Defendant Byron Jones was appointed counsel in connection with drug trafficking charges. (Docket Nos. 7, 15). On February 10, 2012, Defendant filed a motion for substitute counsel. (Docket No. 11). The Court granted the motion and appointed a second attorney. (Docket No. 11). On August 13, 2012, Defendant again requested new counsel, and was appointed a third attorney, Daniel J. Cloherty. (Docket Nos. 29, 30). On March 15, 2013, Mr. Cloherty filed a Motion for Leave to Withdraw as Counsel, citing "an irreparable breakdown of the attorney-client relationship." (Docket No. 73). Defendant supported the withdrawal.

At an ex parte hearing on the motion, Defendant cited a vague dispute that appeared to concern the legal strategy regarding the suppression motion as the ground for requesting new

1

counsel. Counsel and Defendant, however, appeared to be communicating and continued to do so after the hearing. The court does not find based on this scant record that there has been an "irreparable breakdown" of the relationship between Defendant and Mr. Cloherty.

The Sixth Amendment right to counsel extended to indigent defendants does not afford carte blanche in the selection of counsel or the right to terminate counsel wherever there is a disagreement. See United States v. Reyes, 352 F.3d 511, 516 (1st Cir. 2003) (requiring "more than the mere fact of a disagreement" for appointed counsel to withdraw) (internal quotations omitted); Cf. United States v. Allen, 789 F.2d 90, 93 (1st Cir. 1986) (denying defendant's request for substitute counsel based solely on defendant's loss of confidence in attorney). A defendant's misconduct "may result in a waiver of the right to counsel and may, as a consequence, leave the defendant no option but to proceed *pro se*." United States v. Matias, 885 F. Supp. 2d 458, 465, 467 (D. Mass. 2012), aff'd, 707 F.3d 1 (1st Cir. 2013). Misconduct includes "a persistent, unreasonable demand for dismissal of counsel and appointment of new counsel." Matias, 885 F. Supp. 2d at 465 (internal quotations omitted).

The Court told Defendant that it would not appoint a fourth lawyer to represent him without an irreparable breakdown or good cause. See United States v. Kneeland, 148 F.3d 6, 11-12 (1st

Cir. 1998) (upholding the court's warning that it would not appoint a fourth attorney to represent defendant, and inferring a waiver of the right to counsel where defendant thereafter "explicitly dismissed his third court-appointed attorney").  The Court informed Defendant that he had a choice of proceeding to trial with Mr. Cloherty, who is extremely experienced, or representing himself.  See id. at 11 (upholding a trial court's decision forcing defendant to "choose between proceeding to trial with his present attorney and representing himself").  The Court also gave Defendant the option of proceeding *pro se* with Mr. Cloherty as standby counsel.

After the Assistant United States Attorney returned, the Court began a discussion, called a colloquy, to warn Defendant about the challenges of self-representation.  Although Defendant stated at the hearing that he intended to proceed *pro se*, he refused to participate in the waiver of plea colloquy or sign a waiver form, and had an angry outburst requiring the Court to adjourn the hearing before the colloquy was complete.  Because the colloquy was interrupted by Defendant's angry outburst and there is no signed waiver of counsel, the Court cannot yet find that the waiver of counsel was knowing and voluntary.

The status report filed after the hearing states that "Defendant currently intends to proceed in this case without counsel and with [Mr. Cloherty] serving as stand-by counsel."

3

(Docket No. 76). Accordingly, at the next hearing, the Court will conduct another colloquy to ensure that the decision to proceed *pro se* with standby counsel is knowing and voluntary.

                                                   /s/ PATTI B. SARIS
                                                   PATTI B. SARIS
                                                   United States District Judge