UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
v.                                 )     Criminal Action
                                   )     No. 12-10084-PBS
BYRON JONES and MEAGHAN MURPHY,    )
                                   )
               Defendants.         )
_____)

                      **MEMORANDUM AND ORDER**

                         January 31, 2017

Saris, C.J.

   Pro se claimant Jeanine M. Jackson objects to the Report and Recommendation issued by the Magistrate Judge on November 18, 2016 (Docket No. 221). The Magistrate Judge recommended that Jackson's motion for return of seized property pursuant to Federal Rule of Criminal Procedure 41(g) (Docket No. 199) be denied. The Court assumes familiarity with the factual background discussed at length in the Report and Recommendation. See Docket No. 221.

   The property at issue, a 2006 Land Rover Range Rover vehicle, was seized by the Drug Enforcement Administration ("DEA") on January 24, 2012. Upon receiving a notice of administrative forfeiture, see 18 U.S.C. § 983(a)(1)(A)(i), Jackson twice attempted to file a sworn claim of ownership with the DEA, see id. § 983(a)(2)(A). A valid

                                1

administrative claim would have required the government to, within ninety days, either file a complaint for forfeiture in the district court or release the property. Id. at § 983(a)(3)(A)-(B). However, the DEA rejected both of Jackson's submissions as invalid on the basis that her claim was not "made under oath, subject to penalty of perjury." Id. at § 983(a)(2)(C)(iii). The DEA also stated that it was not clear whether she was filing a claim or a petition for remission or mitigation. Receiving no further submission from Jackson, the government filed a declaration of forfeiture on May 25, 2012.

"[C]ourts have jurisdiction to entertain collateral due process attacks on administrative forfeitures." United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) (per curiam); see also Gonzalez-Gonzalez v. United States, 257 F.3d 31, 35 (1st Cir. 2001). "[S]uch challenges may be pursued in a civil action under 28 U.S.C. § 1331." Giraldo, 45 F.3d at 511. "The fact that [the movant] termed [her] motion as one under Rule 41(e) [now Rule 41(g)] does not defeat the district court's jurisdiction." Id. The Court construes Jackson's motion as a due process challenge to the administrative forfeiture proceedings. Due process requires the government to "afford notice sensibly calculated to inform the interested party of the

contemplated forfeiture and to offer him a fair chance to present his claim of entitlement." Gonzalez-Gonzalez v. United States, 257 F.3d at 36. "The touchstone is reasonableness . . . ." Id.

The question is whether the government deprived Jackson of a "fair chance" to present her claim by rejecting her submission as invalid. Under 18 U.S.C. § 983(a)(2)(C), Jackson's submission was required to: "(i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury." The government argues that her submissions failed to meet the third requirement because they were not made under penalty of perjury.

Under the federal perjury statute, there are two ways for a statement to be made under penalty of perjury. 18 U.S.C. § 1621. First, the person making the statement can "take[] an oath before a competent tribunal . . . that any written testimony . . . is true." Id. at § 1621(1). Second, the person making the statement can sign a statement that states, "in substantially the following form . . . 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

3

(Signature).'"  See id. at § 1621(2) (citing 28 U.S.C. § 1746).

"No particular formalities are required for there to be a valid oath. It is sufficient that, in the presence of a person authorized to administer an oath, as was the notary herein, the affiant by an unequivocal act consciously takes on himself the obligation of an oath, and the person undertaking the oath understood that what was done is proper for the administration of the oath and all that is necessary to complete the act of swearing." United States v. Yoshida, 727 F.2d 822, 823 (9th Cir. 1983); see also United States v. Burge, 711 F.3d 803, 810 n.2 (7th Cir. 2013) (concluding that evidence that "the notary showed him the document containing the oath, directed his attention to the oath, and then asked him to confirm that it was correct" was sufficient for finding that defendant was under oath).

Jackson's first submission began with the statement: "kindly accept this notice as my official request to claim my property." Docket No. 207-1 at 25. Jackson then identified the vehicle at issue and stated that she was the vehicle owner. Below her signature and above the notary's signature was a line that stated: "Sworn to before me this 23 day of February 2012."

One court of appeals has found such language by itself sufficient to support a perjury conviction. United States v. Johnson, 25 F. App'x 231, 238 (6th Cir. 2001) (unpublished) (holding that a jury could have concluded that an affidavit was made under oath, even in the absence of language in the body of the document that the affiant had been duly sworn, based on jurat signed by notary that stated: "Sworn to and subscribed before me this 25th day of January, 1995").

Other courts have found statements to be validly sworn given a similar lack of formalities. In United States v. Yoshida, a perjury conviction was upheld because the defendant had testified that the notary public who witnessed the signature asked him if the contents of the affidavit were true, and he answered in the affirmative; the jurat had stated "Subscribed and sworn to before me . . ."; and the body of the affidavit had begun with the words, "DENNIS YOSHIDA, being first duly sworn, on oath, deposes and says." 727 F.2d at 823.

In United States v. $89,600 in U.S. Currency, a statement was found to be made under penalty of perjury where the body of the statement included language that claimant was "duly sworn and deposed" and the notary's

jurat began "[s]worn to and subscribed before me." 2011 WL 4549604, at *2 (S.D. Ga. Sept. 29, 2011).

In Chrzaszcz v. United States, the court found that an affidavit was made under penalty of perjury where the body of the affidavit stated that it was made "after being duly sworn" and the notary indicated that the affidavit was "Sworn to and Subscribed to before me." No. CR 09-1381-PHX-JAT, 2015 WL 2193713, at *7 (D. Ariz. May 11, 2015).

To be sure, some cases do contain more extensive language concerning the taking of an oath. See, e.g., Calash v. DEA, 2009 WL 87596, at *1 (S.D. Fla. Jan. 12, 2009) (holding that a statement was found to be made under penalty of perjury where the statement included language that "I, MICHAEL J. CALASH . . . hereby swear and affirm that the facts contained herein are true and correct. /s/ Michael J. Calash" followed by language that "BEFORE ME, the undersigned authority, personally appeared MICHAEL J. CALASH . . . who first being duly sworn, deposes and says that . . . the facts contained therein are true and correct. SWORN TO AND SUBSCRIBED BEFORE ME this 7th day of April 2008. /s/ [Notary Public]").

But when taking into consideration that Jackson was filing pro se, the Court concludes that Jackson's first submission contained language sufficient to meet the

6

statutory requirement of being made under penalty of perjury. Moreover, the language in that submission that it was "my official request to <u>claim</u> my property" (emphasis added) was a crystal clear statement that Jackson was making a "claim" rather than a petition for "remission" or "mitigation." <u>See</u> <u>United States v. U.S. Currency in the Amount of $2,857.00</u>, 754 F.2d 208, 214 (7th Cir. 1985) ("A petition for remission or mitigation of forfeiture . . . gives the Attorney General . . . discretion to ameliorate the harshness of forfeiture statutes in appropriate cases."). As such, the declaration of forfeiture is void and the DEA must "return the [property] to [Jackson] or . . . begin judicial forfeiture in the district court." <u>See</u> <u>Giraldo</u>, 45 F.3d at 512.

**<u>ORDER</u>**

The Court does not adopt the Magistrate Judge's Report and Recommendation (Docket No. 221). The government is directed to return the contested property to Jackson or to initiate judicial forfeiture proceedings forthwith. If the government does not file a complaint for forfeiture within 90 days, the Court will allow Jackson's motion (Docket No. 199).

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge