UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BYRON JONES, ) | |
|      Petitioner, ) | |
| ) | |
| v. ) | Criminal Action |
| ) | No. 12-10084-PBS |
| UNITED STATES OF AMERICA, ) | |
|      Respondent. ) | |

## MEMORANDUM AND ORDER

April 9, 2019

Saris, C.J.

### INTRODUCTION

Pro se petitioner Byron Jones moves under 28 U.S.C. § 2255 to challenge his conviction for drug trafficking on grounds of ineffective assistance of counsel. After a review of the record, the Court **DENIES** the motion (Dkt. No. 214).

### FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, Jones was indicted on drug trafficking charges involving cocaine and cocaine base. The amount of cocaine base triggered a ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A). The government also filed an information notifying Jones of its intent to seek an enhanced mandatory

1

penalty based on a prior felony drug conviction pursuant to 21 U.S.C. § 851.

At his initial appearance, the magistrate judge appointed Michael Natola as counsel for Jones. Fifteen days later, Jones moved to replace Natola for failing to speak to his family to gather relevant information before his bond hearing. After a hearing, the judge relieved Natola and appointed Edward Lee as new counsel. In August 2012, Jones again moved for new counsel, this time because Lee was not communicating with him. After another hearing, a third attorney, Daniel Cloherty, was appointed in September. Throughout this period, the magistrate judge excluded time under the Speedy Trial Act to permit the parties to exchange discovery and to hear Jones's two motions for new counsel.

On March 15, 2013, Cloherty filed a motion to withdraw, citing an irreparable breakdown of his relationship with Jones. The Court held an ex parte hearing and found no irreparable breakdown. The Court informed Jones that he had to choose between proceeding with Cloherty and proceeding pro se with Cloherty as standby counsel. Although Jones indicated an intention to proceed pro se, he refused to participate in the waiver of counsel colloquy. At another ex parte hearing on April 3, 2013, the Court learned that Jones and Cloherty's disagreement involved a motion to suppress and a motion for

2

reconsideration of detention. After the second ex parte hearing, Jones elected to proceed pro se on these motions with Cloherty as standby counsel. During the waiver colloquy, Jones indicated that he knowingly and voluntarily decided to proceed pro se. He also signed a waiver of counsel form.

On April 22, 2013, Jones filed a pro se motion to suppress. Cloherty acted as standby counsel at the evidentiary hearing. The Court denied the motion to suppress and a motion for reconsideration. Raising Speedy Trial Act concerns, Jones also filed a pro se motion to reconsider the Court's order continuing his detention.

After the denial of his motion to suppress, Jones, represented by Cloherty, agreed to plead guilty to all five counts in exchange for a withdrawal of the § 851 petition. His plea agreement contained a waiver of his right to challenge his conviction or a sentence of 188 months or less on direct appeal or collaterally. During the plea colloquy, the Court had the following exchange with Jones:

> THE COURT: Have you been satisfied with the representation of your counsel?
>
> JONES: Yes.
>
> THE COURT: And I know that there have been certain points where you've decided to go pro se, but since we are now at the plea colloquy stage, are you satisfied with his representation of you throughout the plea colloquy and leading up to this plea agreement?

3

JONES: Yes.

THE COURT: All right. Are you in any way feeling pressured into pleading guilty? Has anyone made threats against you?

JONES: No.

THE COURT: Anyone that - do you feel as if your lawyer's pressuring you and you really want to go to trial?

JONES: No.

Dkt. No. 171 at 9. The Court also reviewed the appellate waiver. The Court accepted Jones's guilty plea and sentenced him to a term of imprisonment of 135 months.[1]

On appeal, Jones, represented by a fourth attorney, argued that his guilty plea was not knowing and voluntary and raised two challenges to the Court's guideline calculations. See United States v. Jones, 778 F.3d 375, 381-86 (1st Cir. 2015). Jones also filed a pro se brief arguing that the Court should have allowed Cloherty's motion to withdraw as counsel and that his waiver of the right to counsel was invalid. See id. at 386-89. The First Circuit rejected all of these arguments and affirmed his conviction and sentence. See id. at 390.

On June 20, 2016, Jones moved to vacate his sentence pursuant to 28 U.S.C. § 2255. Jones argues that his guilty plea

---

[1] On May 17, 2017, the Court reduced Jones's sentence to 120 months pursuant to 18 U.S.C. § 3582(c)(1) and Amendment 782 to the Sentencing Guidelines.

4

was not knowing and voluntary because Cloherty rendered ineffective assistance of counsel in four ways: 1) incorrectly telling him that he could not argue at trial that he had no connection to the apartment where the drugs were found since he testified to the contrary at the suppression hearing;

2) operating under a conflict of interest that caused Cloherty to fail to file motions to reconsider the Court's orders denying the motion to suppress and to withdraw the guilty plea;

3) failing to move to suppress or move to reconsider the Court's denial of his motion to suppress on the basis that the officers executing the search did not leave him a complete copy of the search warrant in violation of Federal Rule of Criminal Procedure 41(f)(1)(C); and 4) failing to advise him of his rights under the Speedy Trial Act and to move to dismiss on this basis.

## DISCUSSION

### I. Standard of Review

A federal criminal defendant "may petition for post-conviction relief under 28 U.S.C. § 2255(a) if, inter alia, the individual's sentence 'was imposed in violation of the Constitution or laws of the United States' or 'is otherwise subject to collateral attack.'" Lassend v. United States, 898 F.3d 115, 122 (1st Cir. 2018) (quoting 28 U.S.C. § 2255(a)). "A claim of ineffective assistance of counsel . . . may be raised

5

by means of a section 2255 motion." Rivera-Rivera v. United States, 844 F.3d 367, 372 (1st Cir. 2016). The defendant bears the burden of establishing his entitlement to relief. Lassend, 898 F.3d at 122.

"Evidentiary hearings on § 2255 petitions are the exception, not the norm," and the defendant bears "a heavy burden . . . to demonstrate that an evidentiary hearing is warranted." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003). The court need not hold an evidentiary hearing if the petition "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Id. (quoting United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978)). Because the record in this case demonstrates that all of Jones's claims lack merit, the Court declines to hold an evidentiary hearing.

## II. Waiver of Appellate Rights

The Government first argues that Jones waived his right to bring these claims in his plea agreement.[2]

---

[2] The Government raises Jones's appellate waiver only in a footnote. Jones correctly points out that the Court could find that the Government waived its waiver argument by relegating it to a footnote, but it is a meritorious argument for some of his claims.

### A. Legal Standard

Under the First Circuit's <u>Teeter</u> test, an appellate or collateral-attack waiver is enforceable if (1) "the waiver's scope was clearly delineated"; (2) "the district court specifically inquired about the waiver of appellate rights"; and (3) denial of the ability to bring a specific challenge would not "constitute a miscarriage of justice." <u>United States v. Del Valle-Cruz</u>, 785 F.3d 48, 54 (1st Cir. 2015) (citing <u>United States v. Teeter</u>, 257 F.3d 14, 24-25 (1st Cir. 2001)). An appeal or collateral attack is barred if it falls within the scope of a valid waiver. <u>See</u> <u>United States v. Gonzalez-Colon</u>, 582 F.3d 124, 127 (1st Cir. 2009).

### B. Analysis

As the first two prongs of the <u>Teeter</u> test aim to ensure, Jones "freely and intelligently agreed to waive [his] right to appeal." <u>Del Valle-Cruz</u>, 785 F.3d at 54 (alteration in original) (quoting <u>Teeter</u>, 257 F.3d at 24). His plea agreement specified the scope of the waiver in five clear paragraphs. By signing the plea agreement, Jones affirmed that he had discussed with his attorney his right to challenge his conviction and sentence on appeal and via collateral attack, including via a § 2255 motion. The waiver itself was unambiguous: "Defendant waives any right he has to challenge his conviction on direct appeal or in a

7

collateral challenge." Dkt. No. 139 ¶ 6(b). It also stated what challenges Jones reserved the right to bring.

The Court adequately inquired about the appellate waiver during the change of plea hearing:

> THE COURT: The first thing is, have you had a chance, Mr. Cloherty, to go through the waiver of rights to appeal and to bring collateral challenge?
>
> JONES: Yes.
>
> MR. CLOHERTY: I have, your Honor.
>
> THE COURT: And have you read those paragraphs?
>
> JONES: Yes.
>
> THE COURT: Essentially, you've agreed that you will not file a direct appeal or collaterally challenge any imprisonment sentence of 188 months or less. Do you understand that?
>
> JONES: Yes.
>
> THE COURT: And that there are also many additional restrictions on your right to appeal or bring collateral challenge. Do you understand that?
>
> JONES: Yes.

Dkt. No. 171 at 10-11. This inquiry "ensure[d] an intelligent waiver." United States v. Villodas-Rosario, 901 F.3d 10, 15 (1st Cir. 2018).

Since Jones intelligently and voluntarily agreed to the waiver in his plea agreement, his claims are barred unless 1) a claim falls outside the waiver's scope or 2) enforcing the waiver would constitute a miscarriage of justice. As to the

scope of the waiver, Jones reserved the right to claim only that his attorney "was ineffective in connection with the negotiation of [the] plea agreement or the entry of the guilty plea." Dkt. No. 139 ¶ 6(e). Such a claim might trigger the miscarriage of justice exception in any event. See United States v. Ortiz-Vega, 860 F.3d 20, 28 (1st Cir. 2017). Jones's claims that Cloherty provided incorrect legal advice about the consequence of his testimony at the suppression hearing, operated under an actual conflict of interest, and failed to advise him of his speedy trial rights arguably relate to the entry of the guilty plea and therefore fall outside the scope of the waiver.

To the extent Jones argues that Cloherty was ineffective for failing to file motions to suppress, reconsider the denial of his pro se motion to suppress, and dismiss the indictment on speedy trial grounds, these claims do not arise out of the negotiation of the plea agreement or the entry of the guilty plea and are thus barred by the collateral-attack waiver. A defendant can waive ineffective assistance of counsel claims that are unrelated to the guilty plea. United States v. White, 307 F.3d 336, 341-43 (5th Cir. 2002) (collecting cases and holding "that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"); see also United States v. Torres-Estrada, 817 F.3d

9

376, 378 (1st Cir. 2016) (holding that the defendant had waived his right to raise an ineffective assistance of counsel claim).[3] Jones suggests that his guilty plea was not knowing or voluntary because of Cloherty's failure to file these motions. Such an argument would make the waiver a nullity. As the Court finds no miscarriage of justice in enforcing the waiver, Jones's claims relating to these pretrial motions are barred.

### III. **Ineffective Assistance of Counsel**

#### A. **Legal Standard**

When a criminal defendant asserts that he received ineffective assistance of counsel in deciding to plead guilty, he must demonstrate that "(1) 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for counsel's errors [he] would not have pleaded guilty and would have insisted on going to trial.'" United States v. Luis Rivera-Cruz, 878 F.3d 404, 410 (1st Cir. 2017) (citation omitted) (quoting Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985)). "[F]ailure to satisfy one prong . . . obviates the need for a court to consider the

---

[3] There is a split among circuits as to whether a general waiver of appeal rights bars ineffective assistance of counsel claims related to sentencing. See In re Sealed Case, 901 F.3d 397, 404 (D.C. Cir. 2018) (collecting cases and adopting the minority view that a general waiver does not bar such claims). All of Jones's claims relate to events that occurred before entry of his guilty plea.

10

remaining prong." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010). The court may consider either prong first in the interest of efficiency. Ortiz-Graulau v. United States, 756 F.3d 12, 17 (1st Cir. 2014).

Under the performance prong, the defendant must show that, "given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." Rivera v. Thompson, 879 F.3d 7, 12 (1st Cir. 2018) (quoting Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)). This analysis covers all of the circumstances surrounding the challenged conduct or decision and requires "evaluating the attorney's conduct 'from counsel's perspective at the time' and in light of 'prevailing professional norms.'" Id. (quoting Strickland v. Washington, 466 U.S. 668, 688-89 (1984)). Review of counsel's performance is "highly deferential" and subject to "a strong presumption that [it] falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. A defendant faces an especially high burden in challenging counsel's tactical decisions. See Lucien v. Spencer, 871 F.3d 117, 129 (1st Cir. 2017).

The prejudice prong requires the defendant to establish a reasonable probability, meaning "substantial, not just conceivable," that he would not have pleaded guilty but for counsel's errors. Williams v. United States, 858 F.3d 708, 715

11

(1st Cir. 2017) (quoting Rivera-Rivera v. United States, 827 F.3d 184, 187 (1st Cir. 2016)). Reasonable probability is not quite the same as the more-likely-than-not standard, but the difference is "slight." Harrington v. Richter, 562 U.S. 86, 111-12 (2011). In undertaking the prejudice analysis, courts do not rely solely on "post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). Rather, they "look to contemporaneous evidence to substantiate [his] expressed preferences." Id. When the defendant's "decision about going to trial turns on his prospects of success and those are affected by the attorney's error," he must also show that he "would have been better off going to trial." Id. at 1965.

**B. Analysis**

With these principles in mind, this Court turns to Jones's ineffective assistance claims. As Jones is proceeding pro se, the Court interprets his motion liberally. See Butterworth v. United States, 775 F.3d 459, 469 (1st Cir. 2015).

> 1. *Incorrect Advice Regarding the Consequences of His Suppression Hearing Testimony*

Jones alleges that he entered a guilty plea unknowingly because Cloherty incorrectly informed him that, after testifying at the suppression hearing that he lived part-time at the apartment where the officers executed the search, he could not

testify at trial that he had no connection to that apartment. Jones is correct that the government would not have been able to use his testimony from the suppression hearing on the question of guilt or innocence at trial. See Simmons v. United States, 390 U.S. 377, 394 (1968). However, even assuming Cloherty provided misinformation on this point, Jones has not demonstrated that he would not have pleaded guilty but for the alleged error.

First, the Court advised Jones at the ex parte hearing on April 3, 2013 of the law on this issue. Specifically, the Court explained that the government could use his suppression hearing testimony to impeach him at trial if he chose to testify, though it could not rely on the substance of his earlier testimony. See United States v. Smith, 940 F.2d 710, 713 (1st Cir. 1991) (suggesting that the defendant's testimony at a preliminary hearing could be "used against him for impeachment purposes at trial"). With this explanation, it is unlikely that Cloherty's advice to the contrary caused him to plead guilty when he otherwise would not have.

Second, both before his guilty plea and in his § 2255 motion, Jones has repeatedly expressed that he wanted to proceed to trial to preserve his right to challenge the denial of his motion to suppress. See, e.g., Dkt. No. 170 at 11 ("[M]y concern is later on for appeal because I know when you raise things on

appeal, the first thing they're going to blame is me. They're going to say I didn't object, I didn't raise it."); Dkt. No. 215-1, Ex. 1 ¶ 14 ("I informed Mr. Cloherty that I was unwilling to plead guilty and forego my rights to appeal the suppression issues."); id. ¶ 17 ("Even though Mr. Cloherty informed me that I had forfeited my defense at trial; I, nonetheless, still was willing to proceed to trial in order to appeal the Court's adverse rulings I have specifically preserved for appeal."). With this expressed motivation, Jones more likely decided to accept the plea agreement rather than bank on a favorable ruling on the motion to suppress because the government dropped the § 851 enhancement.

*2. Motion to Suppress and Motion for Reconsideration*

Jones argues that his guilty plea was involuntary because Cloherty was ineffective for not moving to suppress the fruits of the search based on the failure of the officers executing the search to leave a complete copy of the warrant and for not moving for reconsideration of the Court's rejection of his pro se motion to suppress raising this argument. As previously noted, this argument is barred by his collateral-attack waiver. Even if it were not barred, this argument is without merit.

Jones does not challenge that he knowingly and voluntarily waived his right to counsel and decided to proceed pro se with his suppression motion with Cloherty as standby counsel. Since

he had no constitutional right to standby counsel for his suppression motion, see United States v. Woodward, 291 F.3d 95, 110 (1st Cir. 2002), it is doubtful he can raise an ineffective assistance of counsel claim based on Cloherty's failures as standby counsel, see, e.g., United States v. Windsor, 981 F.2d 943, 947 (7th Cir. 1992). But see United States v. Pina, 844 F.2d 1, 6-7 (1st Cir. 1988) (leaving open the possibility that a defendant could raise an ineffective assistance of counsel claim concerning standby counsel).

Even assuming Cloherty's conduct in failing to file these two motions was constitutionally deficient, Jones cannot show prejudice because the Court allowed him to file pro se motions that raised the exact argument he says Cloherty should have raised. The Court rejected his arguments, and there is no reason to believe the outcomes would have been different had Cloherty drafted the motions instead. With no plausible difference in outcome, Jones has not demonstrated a reasonable probability that he would have proceeded to trial had Cloherty filed these motions.

### 3. *Conflict of Interest*

Jones claims that Cloherty had an "actual conflict of interest" that rendered his representation ineffective. To prevail on such a claim, Jones "must show that (1) the attorney could have pursued a plausible alternative defense strategy, and

(2) the alternative strategy was inherently in conflict with or not undertaken due to the attorney's other interests or loyalties." United States v. Cardona-Vicenty, 842 F.3d 766, 772-73 (1st Cir. 2016) (quoting Familia-Consoro v. United States, 160 F.3d 761, 764 (1st Cir. 1998)).

Jones's claim fails on both counts. His two alternative defense strategies, a motion for reconsideration of the order denying his motion to suppress and a motion to withdraw his guilty plea, do not have "sufficient substance" to have been "viable alternative[s]." Id. at 773 (quoting Brien v. United States, 695 F.2d 10, 15 (1st Cir. 1982)). Jones himself filed his desired motion for reconsideration, and the Court denied it. And a motion to withdraw his guilty plea based on the incorrect advice he allegedly received from Cloherty concerning his ability to argue at trial that he had no connection to the apartment would have failed for the reasons discussed above.

Jones also does not point to any specific conflict that caused Cloherty not to pursue these alternative defense strategies. He alleges that Cloherty wanted him to enter a guilty plea and made no effort to carry out his wish to go to trial. A defense attorney is not in conflict with his client where he gives "customary encouragement to his client — even strong encouragement — to avoid a trial by entering into a" plea deal. United States v. Segarra-Rivera, 473 F.3d 381, 386 (1st

16

Cir. 2007). Accordingly, to prevail on this claim, Jones must show "more than a mere disagreement" with Cloherty or "professional negligence" on Cloherty's part. Id. at 385 (remanding for an evidentiary hearing where the defendant alleged that his attorney coerced him into pleading guilty by engaging in unethical behavior to conceal the fact that he was unprepared for trial).

Jones provides no reason to believe any conflict with Cloherty went beyond mere disagreement on strategy. Given the flurry of documents that Cloherty filed in the days before Jones entered his plea, see Dkt. No. 126 (motion in limine regarding Jones's prior arrest and conviction); Dkt. No. 127 (motion to exclude video evidence); Dkt. No. 128 (proposed voir dire); Dkt. No. 129 (proposed jury instructions), Jones's allegation that Cloherty coerced him into pleading guilty because he was unprepared for trial has no merit. And during the plea colloquy, Jones confirmed that he was satisfied with Cloherty's representation and denied feeling pressured into accepting the plea. See United States v. Santiago Miranda, 654 F.3d 130, 138 (1st Cir. 2011) (noting that courts should accept the veracity of statements made by a criminal defendant at a plea colloquy unless he provides independent corroboration that the statement was not true). Without a specific conflict to point to, Jones's claim of a conflict of interest fails.

### 4. *Speedy Trial*

Finally, Jones argues that Cloherty was ineffective in failing to file a motion to dismiss under the Speedy Trial Act and advise him of his speedy trial defense. Even assuming ineffective performance on this basis, Jones cannot demonstrate prejudice because he raised this defense multiple times before pleading guilty.

Jones submitted a letter to the magistrate judge on November 2, 2012 indicating that he had not agreed to his two prior attorneys' consent to exclude time under the Speedy Trial Act. The magistrate judge treated this letter as a motion and denied it because the exclusions were warranted to allow for discovery and permit Jones to twice seek new counsel. Jones also moved for reconsideration of this Court's denial of his motion to revoke his detention on April 11, 2013, which raised Speedy Trial Act concerns. The Court did not rule on this motion before Jones pled guilty on June 19, 2013.

These two motions demonstrate that Jones suffered no prejudice from Cloherty's allegedly ineffective representation. The magistrate judge considered Jones's Speedy Trial Act defense and rejected it, and Jones does not indicate why the result would have been any different had Cloherty filed the motion instead. Furthermore, since Jones filed these two motions himself, it is clear he was aware of the Speedy Trial Act when

18

he decided to plead guilty. Jones cannot show a reasonable probability that he would have decided to go to trial had Cloherty advised him of a defense of which he was already aware.

### **ORDER**

For the foregoing reasons, Jones's motion to vacate his conviction under 28 U.S.C. § 2255 (Dkt. No. 214) is **DENIED**. SO ORDERED.

/s/ Patti B. Saris
HON. PATTI B. SARIS
Chief U.S. District Judge