*[Handwritten margin note by Judge:]* After conferring with the probation office in Massachusetts who spoke with the probation office in New York, I allow the motion to terminate supervision as supervision at the lowest level of probation does not pose early termination. There is little risk to public safety. — Patti B. Saris 2/7/22. *[Additional handwritten note:]* The motion to terminate supervised release term — Defendant has been placed on the lowest level...

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, )
               Plaintiff, )
v. ) Case No. 1:12-CR-10084-PBS
BYRON JONES, )
               Defendant. ) Hon. Judge Patti B. Saris

## MOTION TO TERMINATE DEFENDANT'S SUPERVISED RELEASE TERM

NOW COMES BYRON JONES, the defendant in the above captioned case, and appears *pro se*, respectfully motioning this Court to terminate the imposed term of supervised release.

This motion is made pursuant to 18 U.S.C. §3583(e)(1) and Fed R. Crim. P. 32.1(c)(2)(C).

No hearing is sought in this matter per Fed R. Crim. P. 32.1(c)(2)(B).

(1) **Summary**

I pleaded guilty to five counts relating to the sale and distribution of Cocaine Base ("Crack Cocaine"). I was sentenced to 135 months in prison followed by 5 years of supervised release.

While incarcerated I completed the RDAP program and earned a year off of my sentence. Also, while incarcerated, I received a sentence reduction pursuant to U.S.S.G. Amendment 782, which lowered my sentence from 135 months to 120 months.

Since beginning supervision, and doing well for the last two years, I have been placed on the lowest-intensity of supervision available in the District of Massachusetts.